# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08-CR-30112-MJR |
| ) | |
| DERRICK L. ABRAM, ) | |
| (Inmate # 07966-025), ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER
## REGARDING MOTION TO REDUCE SENTENCE

REAGAN, District Judge:

In February 2009, Derrick L. Abram was sentenced in this Court to 188 months in prison on each of Counts 1-3 of an indictment charging him with distribution of cocaine base (terms to be served concurrently). On November 7, 2011, Defendant Abram filed a pro se motion seeking to reduce his sentence based on the United States Sentencing Commission's promulgation of amendments to the Sentencing Guidelines, following passage of the Fair Sentencing Act of 2010, Pub. L. No. 111-120, 124 Stat. 2372 (2010). That Act required the Guidelines to be brought into conformity with substantive provisions reducing the criminal penalties for certain crack cocaine offenses.

By Orders dated February 16 and 23, 2012, (Docs. 45, 46), this Court appointed the Federal Public Defender's Office to represent Defendant Abram on this motion. Attorney Todd M. Schultz of the FPD's Office formally entered his appearance on Abram's behalf on February 23, 2012 (Doc. 47).

On March 15, 2012, Mr. Schultz moved to withdraw from the case (i.e., cease his representation of Defendant on this motion), having "determined that the Defendant has no

1

meritorious basis for obtaining relief under 18 U.S.C. § 3582(c) and the retroactive amendment to the crack cocaine sentencing guideline" (Doc. 48). A copy of the motion was provided to Defendant by Mr. Schultz. The motion states as follows (Doc. 48, pp. 1-2):

> 4. When the Defendant was sentenced, he was determined to be a career offender. *See* PSR ¶¶ 26 and 51. Consequently, the Defendant's guideline range does not change as a result of the application of Amendment 750.
>
> 5. Because the Defendant's guideline range remains unchanged, he is ineligible for a sentence reduction pursuant to § 3582(c) and the Court lacks jurisdiction to grant any such relief. U.S.S.G. § 1B1.10(a)(2) & App. n.1(A); *United States v. Forman,* 553 F.3d 585, 588 - 590 (7th Cir. 2009).
>
> 6. United States Probation Officer Fletcher has concluded that the Defendant is ineligible for a reduction in sentence due to his status as a career offender.

Simply put, Schultz asks the Court to let him out of the case because (a) his research discloses that Abram is *not eligible* for the reduction at issue, and (b) Schultz cannot find any valid (non-frivolous) reason on which to move forward with Defendant's motion to reduce sentence.

By Order dated April 10, 2012, Defendant Abram was directed to file a response showing why the undersigned Judge should not grant attorney Schultz's motion to withdraw (Doc. 48) and deny Abram's pro se motion to reduce sentence (Doc. 43). To date, no response has been filed.

Having carefully reviewed the record before it, the undersigned Judge concludes that Defendant Abram'sadvisory guideline range remains the same after the retroactive amendments in question. Because his guideline range is not lowered, Defendant is not eligible for an additional sentence reduction under § 3582. As the Seventh Circuit Court of Appeals held in *United States v. Taylor*, 627 F.3d 674 (7th Cir. 2010), relief under § 3582(c)(2) "is not available when a retroactive amendment 'does not have the effect of lowering the defendant's

applicable guideline range.'" 627 F.3d at 676.

For the above-stated reasons, the Court concludes that Mr. Schultz is entitled to withdraw as defense counsel, and Defendant Abram is not eligible for relief under § 3582(c)(2). Accordingly, the Court **GRANTS** Todd Schultz's motion to withdraw (Doc. 48) and **DENIES** Defendant Cooper's *pro se* motion for sentence reduction under 18 U.S.C. § 3582 (Doc. 43).

The Clerk of Court shall immediately mail a copy of this Order to Defendant Abram.

DATED: **May 18, 2012**

*s/ Michael J. Reagan*
**MICHAEL J. REAGAN**
**UNITED STATES DISTRICT JUDGE**